Case 4:22-cv-00118   Document 1-1   Filed on 01/12/22 in TXSD   Page 1 of 8

12/27/2021 11:44 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 60322405
By: Courtni Gilbert
Filed: 12/27/2021 11:44 PM

2021-83373 / Court: 189

CASE NO. _____

| | | |
|---|---|---|
| **JANE DOE-GC.,** | § | IN THE DISTRICT COURT |
| *PLAINTIFF*, | § | |
| | § | _____ JUDICIAL DISTRICT |
| VS. | § | |
| | § | |
| **JOHN MICHAEL WILLIAMS,** | § | OF HARRIS COUNTY, TEXAS |
| **WILLIAM LLEWELLYN, THE CITY** | § | |
| **OF WALLER, WALLER COUNTY,** | § | |
| **DANNY MARBURGER, BRIAN** | | |
| **DASHER, ELTON MATHIS, NANCI** | | |
| **ANDERSON, MATTHEW SAMSEL,** | | |
| **AND SETH SAMSEL** | | |
| *DEFENDANTS.* | | |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Jane Doe-GC ("GC" herein) files this her original petition complaining of Defendants, JOHN MICHAEL WILLIAMS, WILLIAM LLEWELLYN, THE CITY OF WALLER, WALLER COUNTY, DANNY MARBURGER, BRIAN DASHER, ELTON MATHIS, MATTHEW SAMSEL, SETH SAMSEL, AND NANCI ANDERSON, and unknown agents acting on behalf and would show the court the following:

### PARTIES

1. Plaintiff Jane Doe-GC is a resident of Harris County, Texas.
2. Defendant John Michael Williams is an individual who may be served with a citation wherever he may be found. Defendant John Michael Williams is being sued in his individual capacity and at all times relevant to this case acted under the color of law.

**EXHIBIT A**

3. Defendant William Llewellyn is an individual who may be served with a citation wherever he may be found. Defendant William Llewellyn is being sued in his individual capacity and at all times relevant to this case acted under the color of law.

4. Defendant, The City of Waller Police Department who may be served with a citation through their Chief of Police, William Llewellyn, may be served at 1219 Farr St, Waller, Texas 77484 or wherever he may be found.

5. Defendant Waller County is a municipal corporation located in the State of Texas and incorporated under the laws of the State of Texas and is located within the boundaries of the Southern District of Texas. It may be served with citation through the County Judge Carbett "Trey" J. Duhon III, who may be served at 836 Austin Street Suite 203. Hempstead, TX 77445 or wherever he may be found.

6. Defendant Danny Marburger is an individual who may be served with a citation wherever he may be found. Defendant Danny Marburger is being sued in his individual capacity and at all times relevant to this case acted under the color of law.

7. Defendant, Brian Dasher is an individual who may be served with a citation at his place of employment at 100 Sheriff R. Glenn Smith Drive. Hempstead, Texas 77445, or wherever he may be found. Defendant Brian Dasher is being sued in his individual capacity and at all times relevant to this case acted under the color of law.

8. Defendant Matthew Samsel is an individual who may be served with a citation wherever he may be found. Defendant Matthew Samsel is being sued in his individual capacity and official capacity and at all times relevant to this case acted under the color of law.

9. Defendant, Seth Samsel is an individual who may be served with a citation wherever he may be found.

10. Defendant Nanci Anderson is being sued in her individual capacity and at all times relevant to this case acted under the color of law.

## JURISDICTION AND VENUE

11. Jurisdiction is proper in this Court because the damages sought by Plaintiff exceed this Court's minimal jurisdictional limits, and the parties to this lawsuit are all subject to jurisdiction in the State of Texas. *See* Tex. R. Civ. P. 47(b).

12. Plaintiff seeks monetary relief over $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees, plus all other relief to which Plaintiff deems himself entitled. *See* Tex. R. Civ. P. 47(c), (d)

13. Venue is proper in Harris County, Texas, because defendants, Seth Samsel, and Matthew Samsel are residents of Harris County.

## FACTS

14. On July 31st of 2017, Seth Samsel engaged in the sexual assault of Plaintiff, GC. Samsel was convicted in Waller County and has to register as a sex offender.

15. His father, Matthew Samsel is an officer with the Houston Police Department and engaged in efforts to obstruct the investigation to prevent the prosecution of his son Seth.

16. Defendants, John Michael Williams, William Llewellyn, The City of Waller, Waller County, Danny Marburger, Brian Dasher, Elton Mathis, Matthew Samsel, and Seth Samsel all conspired to obstruct the investigation and complaints made by Plaintiff, Gracie Cates. The defendant conspired and colluded to assure that Seth Samsel would not be prosecuted or convicted of the rape of the Plaintiff, Jane Doe-GC or that a meaningful investigation would be conducted.

17. The Defendants, William Llewellyn, Danny Marburger, Brian Dasher, Elton Mathis, and Nanci Anderson, specifically conspired to obstruct any meaningful investigation that resulted in GC's mental anguish. The defendants, William Llewellyn, Danny Marburger, Brian Dasher, Elton Mathis, and Nanci Anderson, allowed and encouraged, Houston Police Department officer, Matthew Samsel to illegally participate in the grand jury proceedings to prevent his son from being indicted, did so under the color of law, and used his authority as a Houston Police officer to gain entry into the grand jury proceedings with the assistance of William Llewellyn, Danny Marburger, Brian Dasher, and Nanci Anderson.

18. Brian Dasher is currently on bond after being indicted for third-degree felony alleging, he misused official information for personal reasons.

19. The City of Waller, Waller County, employed the defendants but William Llewellyn and Elton Mathis failed to properly train, supervise or discipline the individual defendants, Danny Marburger, Brian Dasher, and Nanci Anderson.

20. Seth Samsel is a free man today despite the overwhelming evidence against him. She met with the Samsels, but not the victim, GC. s Anderson was one of the two detectives investigating the case, along with Waller County detective Bryan Dasher. In the two-year investigation period, City of Waller, and Waller County law enforcement officer's Anderson and Dasher both failed to collect any evidence. They managed to lose, conceal, and destroy evidence. In fact, the first time that Anderson contacted the victim, GC, after two years was the day before she was scheduled to testify at Seth Samsel's criminal trial or contact the DPS lab about the collection of the one piece of evidence collected but after it was too late. She had no choice but to admit her failures in not collecting the green towel associated with the criminal case. However, GC's mother saved the towel and made multiple attempts to get the towel to Anderson. Anderson received calls from

GC's mother but ignored them. She failed to photograph the bedroom where the sexual assault occurred. She failed to collect DNA that would have been present on GC's bedding. Her failure to properly investigate was due to her determination that GC lacked credibility, but Anderson's concerns about GC's credibility were only mentioned after her failure to investigate was questioned.

21. Seth Samsel's interview was destroyed and only a portion of the recorded interview was available in the criminal investigation.

22. Plaintiff suffered emotional distress from the intentional actions of each defendant, City of Waller, Waller County, Matthew and Seth Samsel, and Nanci Anderson.

## CLAIMS

*Assault and Battery, Civil Conspiracy, Intentional Infliction of Emotional Distress, and Violation of Due Process under the Fourteenth Amendment.*

23. Plaintiff incorporates the facts as set forth throughout this petition.

24. Seth Samuel lived in Gracie Cates's home with her family. He sexually assaulted her when she was 15 years old. Despite the interference with the investigation by his father, and colleagues in Waller County, Dasher, and Anderson, Seth Samsel was convicted in criminal court for his actions, but received no prison time.

25. Gracie Cates turned 18 years old on December 25, 2019, her claims were tolled while she was a minor.

26. Matthew and Seth Samuel, and Nancy Anderson all conspired to obstruct the investigation into the rape allegations against Seth after he raped Gracie continuously for years. They destroyed evidence and tampered with witnesses.

27. The malicious actions of Matthew and Seth Samuel, Bryan Dasher, and Nancy Anderson were

the direct cause of Gracie Cates suffering emotional distress because of this traumatizing experience.

28. The City of Waller, and Waller County failed to properly supervise, train, or discipline detectives Anderson, and Dasher. In addition, City of Waller's policymakers, chief of police, and mayor, and Waller County Sheriff's failures to implement policies to prevent its officers from denying due process based on the failure to investigate destruction of evidence and allowing third parties to engage in the investigation process were the moving force behind the constitutional violation of GC due process rights, under the Fourteenth amendment.

## DAMAGES

29. Plaintiff seeks all damages allowed by law as a result of the aforementioned forming the basis for each of her causes of action. Plaintiff requests damages within the jurisdictional limits of the Court including:

## ATTORNEY FEES

30. After prevailing herein, Plaintiff is entitled to recover reasonable and necessary attorneys' fees and costs to enforce her constitutional rights under 42 U.S.C. §§ 1983 and 1988 from Defendants.

## JURY DEMAND

31. Plaintiff demands a jury trial and tenders the appropriate fee or waiver with this petition.

## TOLLING OF STATUTE OF LIMITATIONS

32. PLAINTIFF ASSERTs TOLLING PROVISIONS APPLY, INCLUDING BUT NOT LIMITED TO THE DISCOVERY RULE, TOLLING DUE TO HARRIS COUNTY'S EMERGENCY ORDER IN 2017 RELATED TO HURRICANE HARVEY, FOR A TOTAL OF 30 DAYS,

TOLLING DUE TO THE EMERGENCY ORDERS RELATED TO COVID-19, AS OF MARCH 13, ALL DEADLINES AND STATUTES OF LIMITATION, FOR ALL PURPOSES, ARE SUSPENDED AND TOLLED THROUGH MAY 1, AND ON APRIL 1, THE PERIOD OF STATUTE OF LIMITATIONS TOLLING IN TEXAS WAS EXTENDED ON TO JUNE 1, FOR A TOTAL OF 79 DAYS, TOWING RELATED TO EVERYDAY THAT THE DEFENDANTS WERE NOT AMENABLE TO SUIT SERVICE WHILE THEY WERE OUT, OF THE STATE OF TEXAS, TOLLING BASED ON UNSOUND MIND, AND AT THE COURT'S DISCRETION.

## CONCLUSION AND PRAYER

33. Plaintiff prays that she has a judgment against Defendants for actual damages shown and proven at trial, for prejudgment, post-judgment interest, for costs of court, attorney fees, and for all other relief, legal and equitable, to which she is entitled.

Respectfully submitted,
By: /s/U.A. Lewis
Lewis Law Group
U.A. Lewis
Texas Bar No. 24076511
PO BOX 27353
Houston, TX 77227
T (713) 570-6555
F (713) 581-1017
Attorney for Plaintiff
myattorneyatlaw@gmail.com

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

U.A. Lewis on behalf of U.A. Lewis
Bar No. 24076511
myattorneyatlaw@gmail.com
Envelope ID: 60322405
Status as of 12/28/2021 10:46 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| office@thelewislaw.com office@thelewislaw.com | | office@thelewislaw.com | 12/27/2021 11:44:26 PM | SENT |