IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JANE DOE-GC,<br>*Plaintiffs,*<br><br>V.<br><br>JOHN MICHAEL WILLIAMS,<br>WILLIAM LLEWELLYN, THE<br>CITY OF WALLER, WALLER<br>COUNTY, DANNY MARBURGER,<br>BRIAN DASHER, ELTON<br>MATHIS, NANCI ANDERSON,<br>MATTHEW SAMSEL, AND SETH<br>SAMSEL,<br>*Defendants.* | §<br>§<br>§<br>§    **CIVIL CASE NO. 4:22-cv-00118**<br>§    **JURY DEMANDED**<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

### **PLAINTIFF'S FIRST (CORRECTED) AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Gracie Cates ("Plaintiff") herein files this her First Amended Complaint complaining of Defendants, John Michael Williams, William Llewellyn, The City of Waller, Waller County, Danny Marburger, Brian Dasher, Elton Mathis, Matthew Samsel, Seth Samsel, and Nanci Anderson and would show the court the following:

### **PARTIES**

1. Plaintiff is Gracie Cates is a resident within the Southern District of Texas.

2. Defendant John Michael Williams is an individual who may be served with a citation wherever he may be found. Defendant John Michael Williams is being sued in his individual capacity and at all times relevant to this case acted under the color of law.

3. Defendant William Llewellyn is an individual who may be served with a citation wherever he may be found. Defendant William Llewellyn is being sued in his individual capacity and at all times relevant to this case acted under the color of law.

4. Defendant, The City of Waller Police Department, has been served with citation through County Judge Carbett "Trey" J. Duhon III, and responded.

5. Defendant Waller County is a municipal corporation located in the State of Texas and incorporated under the laws of the State of Texas and is located within the boundaries of the Southern District of Texas. It has been served with citation through County Judge Carbett "Trey" J. Duhon III and responded.

6. Defendant Danny Marburger is an individual who may be served with a citation wherever he may be found. Defendant Danny Marburger is being sued in his individual capacity and at all times relevant to this case acted under the color of law.

7. Defendant, Brian Dasher is an individual who may be served with a citation at his place of employment at 100 Sheriff R. Glenn Smith Drive. Hempstead, Texas 77445, or wherever he may be found. Defendant Brian Dasher is being sued in his individual capacity and at all times relevant to this case acted under the color of law.

8. Defendant Matthew Samsel is an individual who may be served with a citation wherever he may be found. Defendant Matthew Samsel is being sued in his individual capacity and official capacity and at all times relevant to this case acted under the color of law.

9. Defendant, Seth Samsel is an individual who may be served with a citation wherever he may be found.

10.     Defendant Nanci Anderson is being sued in her individual capacity and at all times relevant to this case acted under the color of law.

## JURISDICTION AND VENUE

11.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the First and Fourteenth Amendments of the United States Constitution and supplemental jurisdiction for all state law claims. The jurisdiction of this court is invoked to secure protection of and to redress the deprivation of rights secured by the U.S. Constitution under the First, and Fifth Amendment of the U.S. Constitution, as made applicable to the states through the Fourteenth Amendment, and by the 42 U.S.C Section 1983, Section 1985, and Section 1988 ensuring due process, and providing for the equal protection and rights of all persons in every state and territory within the jurisdiction of the United States. Supplemental Jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367.

12.     Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside in this district, and all incident events and occurrences giving rise to this action occurred in this district.

13.     The court has supplemental jurisdiction over the state law claims for assault by Seth Samsel, and Civil Conspiracy to conceal assault by Seth Samsel, Matthew Samsel, and Nanci Anderson.

## FACTS

14.     On or about July 31st of 2017, Seth Samsel engaged in the sexual assault of Plaintiff, Plaintiff.

15.     Samsel was convicted in Waller County and has to register as a sex offender.

16.     His father, Matthew Samsel is an officer with the Houston Police Department and engaged in efforts to obstruct the investigation to prevent the prosecution of his son Seth.

17.     This effort by Matthew Samsel was furthered by Nanci Anderson of the City of Waller Police department.

18.     In addition, Defendants, John Michael Williams, William Llewellyn, The City of Waller, Waller County, Danny Marburger, Brian Dasher, Elton Mathis, Matthew Samsel, and Seth Samsel all conspired to obstruct the investigation and complaints made by Plaintiff.

19.     The defendants conspired and colluded to assure that Seth Samsel would not be prosecuted or convicted of the rape of the Plaintiff or that a meaningful investigation would be conducted.

20.     The Defendants, William Llewellyn, Danny Marburger, Brian Dasher, Elton Mathis, and Nanci Anderson, specifically conspired to obstruct justice by failing to conduct any meaningful investigation that resulted in Plaintiff's mental anguish.

21.     The defendants, William Llewellyn, Danny Marburger, Brian Dasher, Elton Mathis, and Nanci Anderson, not only conspired to obstruct justice but also allowed and encouraged, Houston Police Department officer, Matthew Samsel to illegally participate in the investigation and the grand jury proceedings in an effort to prevent his 19-yr-old adult son from being prosecuted.

22. Defendants, William Llewellyn, Danny Marburger, Brian Dasher, Elton Mathis, and Nanci Anderson conspired to obstruct justice under the color of law.

23. Matthew Samsel also used his authority under the color of law and influence, as a Houston Police officer to enter the grand jury proceedings with the assistance of William Llewellyn, Danny Marburger, Brian Dasher, and Nanci Anderson, and participate in the investigation..

24. Brian Dasher is currently on bond after being indicted for a third-degree felony alleging he misused official information for personal reasons.

25. Waller County, employed the defendants but William Llewellyn and Elton Mathis failed to properly train, supervise, or discipline the individual defendants, Danny Marburger, Brian Dasher, and Nanci Anderson.

26. Seth Samsel is a free man today despite the overwhelming evidence that was never collected or investigated to use against him.

27. Specifically, failing to allow Plaintiff and her mother to make statements to officers that would assist in the investigation. They ignored and denied them the opportunity to assist in the investigation.

28. After some time passed, Plaintiff started a relationship, but Anderson decided she did not approve of Plaintiff's boyfriend, her boyfriend's behavior, or Plaintiff being around the boyfriend's parent's home, so she further ignored Plaintiff and the investigation.

29. Although she would not meet with Plaintiff and her mother, Anderson would meet with the Houston Police Officer, Matthew Samsel, and his son Seth Samsel on multiple occasions.

30. Anderson was one of the two detectives investigating the case, along with Waller County detective Bryan Dasher.

31. In the two-year investigation period, City of Waller, and Waller County law enforcement officers Anderson and Dasher both failed to collect any physical evidence from the victim.

32. The evidence in the form of statements, including audio the two managed to lose. They also concealed and destroy evidence.

33. In fact, the first time that Anderson contacted the victim-Plaintiff after the initial report and interview with victim's services, was the day before Anderson was scheduled to testify at Seth Samsel's criminal trial, two years later.

34. It was not until days before the trial that Anderson contacted the DPS lab about the collection of evidence but after it was too late.

35. She had no choice but to admit her failures in not collecting the green towel associated with the criminal case from the victim.

36. However, Plaintiff's mother saved the towel and made multiple attempts to get the towel to Anderson.

37. Anderson received call after call from Plaintiff's mother but ignored them. She visited the scene but refused to photograph the bedroom where the sexual assault occurred.

38. Anderson refused to collect DNA that would have been present on Plaintiff's bedding.

39. Anderson's failure to properly investigate was because she was determined to obstruct justice.

40. Dasher and Anderson shared critical information with the Samsels about the investigation that suspects should not be privileged to, like her sexual relationship.

41. Anderson determined that Plaintiff a 15-year-old minor female lacked credibility.

42. The 15-year-old minor, female's lack of credibility was only mentioned after Anderson was questioned by the District Attorney prosecutors of Waller County on the stand about her failure to investigate the rape.

43. Seth Samsel's recorded interview was destroyed as a result of Dasher, Anderson, and HPD's Officer Matthew Samsel's conspiracy to obstruct justice.

44. The defendants intentionally failed to record interviews with the witnesses and destroyed critical portions of interviews that were recorded related to the rape of the Plaintiff.

45. The evidence that was unavailable in the criminal investigation due to the conspiracy, was also unavailable to Plaintiff for the civil litigation in an assault, or sexual battery case.

46. These actions occurred by the defendants not only to protect a rapist but because Plaintiff was only a 15-year-old girl.

47. A minor and young girl are both within protected classes, Plaintiff fits in both classes.

48. The fact that she was only a 15-year-old girl motivated their actions of denying her of her right to speech, and conspiracy to obstruct justice against her.

49. The fact that she was a 15-year-old girl motivated Anderson's actions of denying her of her right to speech, and conspiracy to obstruct justice against her since she disapproved of the victims' new boyfriend and his behavior.

50. They intended to leave her destroyed forever and worked to sweep the rape by Samsel under the rug.

51. Plaintiff suffered mental anguish and emotional distress from the intentional actions of each defendant, City of Waller, Waller County, Matthew Samsel, Seth Samsel, Dasher, and Nanci Anderson.

## CLAIMS

*Civil Conspiracy to Obstruct Justice, Intentional Infliction of Emotional Distress, First Amendment violation, Equal Protection, and Violation of Substantive and Procedural Due Process under the Fourteenth Amendment, under 42 USC 1985 & 42 USC 1983.*

52. Plaintiff incorporates the facts as set forth throughout this petition.

53. Seth Samuel lived in Plaintiff's home with her family during the week when he worked for her father.

54. He sexually assaulted her when she was 15 years old.

55. Plaintiff is a member of a protective class as a girl and a minor[1].

56. Despite the interference with the investigation by his father, and his law enforcement colleagues in Waller County, Dasher, and Anderson, Seth Samsel was convicted in criminal court for his actions but received no prison time for the sexual assault of a minor female.

---

[1] If two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws 42 U.S.C. § 1985.if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

57. Plaintiff turned 18 years old on December 25, 2019, her claims were tolled while she was a minor, for the period that each individual defendant was out of the state, and under each and every emergency order issued by the Texas Supreme Court relating to the statute of limitations.

58. Houston Officer, Matthew Samsel, Waller County, and City of Waller detectives conspired to destroy, conceal, and deny Plaintiff her right to freedom of speech for the purpose of depriving the minor young lady of equal protection of the laws, and privileges the laws. Dasher, and Anderson, refused to investigate and Matthew and Seth Samsel impeded the investigation into the rape of Plaintiff by Seth Samsel.

59. Dasher, Anderson, Matthew, and Seth Samsel worked to assure Plaintiff's opportunity to present her allegations to the judiciary in criminal and civil courts would be denied.

60. Dasher, Anderson, Matthew, Seth Samsel, and Seth Samsel's mother made every effort to impede Plaintiff's adequate, effective, and meaningful access.

61. Although, the Waller County prosecutors ADA Hudspeth, and her co-counsel were able to pick up the scraps of the evidence they had, including the failure to investigate and use it to assist in the prosecution.

62. They were made to put Anderson on the stand, as essentially an adverse witness, and have her explain why she botched the investigation and her failures and why the evidence was not collected, destroyed, or missing.

63. Anderson went on to blame Plaintiff stating she did not believe her to be credible.

64. Plaintiff's additional severe mental anguish was aggravated by the Defendants' actions.

65. The defendants conspired to deprive Plaintiff of her right to speech by refusing to allow Plaintiff or her mother to provide an interview statement or provide critical evidence a right under the 1st Amendment of the United States it was done so for the specific purpose of depriving any person of equal protection of laws.

66. Additionally, due to the destruction and failure to collect evidence, Plaintiff's civil claims were disturbed, since the same evidence that was not collected, tested, and or destroyed by defendants to support the criminal charges is the same evidence Plaintiff could use to support her civil claims.

67. Evidence that was intentionally not collected, tested, and/ or destroyed by defendants was intended to interfere not only with Plaintiff's criminal claims but exercise of her constitutionally protected right to bring any civil claims against Seth Samsel.

68. Matthew and Seth Samuel, and Nancy Anderson all conspired to obstruct justice involving the rape allegations against Seth.

69. When state officers conspire in such a way as to defeat or prejudice a litigant's rights in state court, that would amount to a denial of equal protection of the laws by persons acting under color of state law.

70. Conduct by state officers which results in delay in the prosecution of an action in state court may cause such prejudice.

71. They destroyed evidence and tampered with witnesses, Cates family members.

72. The malicious actions of Matthew and Seth Samuel, Bryan Dasher, and Nancy Anderson were the direct cause of Plaintiff suffering emotional distress because of this traumatizing experience.

73. The City of Waller failed to properly supervise, train, or discipline Anderson. She was later terminated due to her failure to properly investigate crimes. However, she was operating under the policy and practice of her department. She had been trained, never supervised, or disciplined for similar practices.

74. It was not until she complained about her treatment that she was terminated for failure to investigate cases, including this case.

75. The City of Waller's failure to supervise Anderson was the moving force behind Plaintiff's constitutional rights being violated.

76. Waller County failed to properly supervise, train, or discipline detective Dasher.

77. In addition, City of Waller's policymakers, chief of police, and mayor, and Waller County Sheriff's failures to implement policies to prevent officers from obstructing justice and denying citizen's due process based on the failure to investigate, the destruction of evidence, and allowing third parties to engage in the investigation process were the moving force behind the constitutional violation of Plaintiff due process rights, under the Fourteenth amendment.

## STATE LAW CLAIMS

### *Assault*

78. Plaintiff brings an assault claim against Seth Samsel based on the criminal sexual assault of a child conduct he engaged in against Plaintiff.

79. Defendant Seth Samsel sexually assaulted Plaintiff when she was a minor on the night of July 31, 2017, through August 1, 2017. A civil cause of action for assault has three elements:

    a. the defendant acted intentionally, knowingly, or recklessly

    b. The defendant made contact with the plaintiff's person

   c. The defendant's contact caused bodily injury to the plaintiff.

Seth Samsel acted intentionally and knowingly in making contact with Plaintiff's person, causing her bodily injury.

80. 6.04. Sexual assault is defined by Texas Penal Code 22.011:

   a. A person commits an offense if:

    2) regardless of whether the person knows the age of the child at the time of the offense, the person intentionally or knowingly:

    (A) causes the penetration of the anus or sexual organ of a child by any means.

81. Plaintiff fell asleep watching a movie and awoke to feel someone on top of her and pressure in her crotch. Plaintiff did not realize who it was or grasp what was happening. She then realized it was her brother's best friend who was staying with their family. She identified him as Seth Samsel. He was penetrating her vagina with his fingers and groping her chest. He tried to kiss her, and she closed her mouth and moved her head side to side to say no. She told him to stop several times, but he continued to assault her. He then tried to get her to perform oral sex on him, but she again refused. He then masturbated and ejaculated on her chest. Upon ejaculating, he got up, went to her bathroom that was connected to her room with only access from inside her bedroom, and used a green towel to wipe up. She then vomited down the side of her bed and after he walked out, she got up and cleaned herself up.

82. Defendants are liable for exemplary damages. Seth Samsel committed his intentional tort of sexual assault of a minor, which is itself subject to exemplary damages. This conduct

is the definition of malice in Texas. Such gross negligence and malice by both Matthew and Seth Samsel proximately caused Plaintiff's damages.

### *Conspiracy to Conceal Sexual Assault*

83. In the alternative to the constitutional claims against Matthew Samsel, Plaintiff brings Civil Conspiracy claims against Seth Samsel, and Matthew Samsel based on their efforts to obstruct justice and deny the plaintiff of her due process rights to speech, and meaningful access to the courts when they worked to have Anderson deny

84.

85. Plaintiff hereby incorporates each of the preceding paragraphs, as if fully stated herein.

## **DAMAGES**

86. Plaintiff seeks all damages allowed by law as a result of the aforementioned forming the basis for each of her causes of action. As a result of Defendant's conduct, Plaintiff seeks relief for damages which includes, but is not limited to:

87. compensatory damages, actual damages, general damages against each Defendant, jointly and severally in applicable claims based on facts alleged, in the amount proven at trial.

88. Plaintiff seeks punitive damages as allowed by law

89. Plaintiff seeks court costs, expenses, expert witness fees, and attorney's fees under Texas Civil Practice and Remedies Code and 42 U.S.C. §§ 1988 and 1983; (4) prejudgment and post-judgment interest as allowed by law; and (5) such other relief, legal or equitable, as may be warranted or to which Plaintiff is entitled.

90. Plaintiff requests non-economic damages including pain and suffering, mental anguish,

## ATTORNEY FEES

91. After prevailing herein, Plaintiff is entitled to recover reasonable and necessary attorneys' fees and costs to enforce her constitutional rights under 42 U.S.C. §§ 1983, 1985, and 1988 from Defendants.

## TOLLING OF STATUTE OF LIMITATIONS

92. PLAINTIFF ASSERTs TOLLING PROVISIONS APPLY, INCLUDING BUT NOT LIMITED TO THE DISCOVERY RULE, TOLLING DUE TO HARRIS COUNTY'S EMERGENCY ORDER IN 2017 RELATED TO HURRICANE HARVEY, FOR A TOTAL OF 30 DAYS, TOLLING DUE TO THE EMERGENCY ORDERS RELATED TO COVID-19, AS OF MARCH 13, ALL DEADLINES AND STATUTES OF LIMITATION, FOR ALL PURPOSES, ARE SUSPENDED AND TOLLED THROUGH MAY 1, AND ON APRIL 1, THE PERIOD OF STATUTE OF LIMITATIONS TOLLING IN TEXAS WAS EXTENDED ON TO JUNE 1, FOR A TOTAL OF 79 DAYS, TOWING RELATED TO EVERYDAY THAT THE DEFENDANTS WERE NOT AMENABLE TO SUIT SERVICE WHILE THEY WERE OUT, OF THE STATE OF TEXAS, TOLLING BASED ON UNSOUND MIND, AND AT THE COURT'S DISCRETION.

## CONCLUSION AND PRAYER

93.     Plaintiff prays that she has a judgment against Defendants for actual damages shown and proven at trial, for prejudgment, post-judgment interest, for costs of court, attorney fees, and for all other relief, legal and equitable, to which she is entitled.

>   Respectfully submitted,
>   By: /s/U.A. Lewis
>   The Lewis Law Group, PLLC
>   U.A. Lewis
>   Texas Bar No. 24076511
>   PO BOX 27353
>   Houston, TX 77227
>   T(713) 570-6555
>   F (713) 581-1017
>   Attorney for Plaintiff
>   myattorneyatlaw@gmail.com