United States District Court
Southern District of Texas
**ENTERED**
June 08, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GRACIE CATES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-118 |
| | § | |
| CITY OF WALLER, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Gracie Cates sued ten defendants, alleging federal claims under 42 U.S.C. § 1983 and §1985 and state-law claims for assault and civil conspiracy. The court granted the motion to dismiss, with prejudice, holding that Cates not only failed to plausibly allege the existence of a policy or custom necessary to hold the City of Waller and Waller County liable under 42 U.S.C. §§ 1983 and 1985, but that she also failed to plead a cognizable constitutional injury by a named defendant. (Docket Entry No. 38). The court also dismissed Cates's state-law claims without prejudice so that Cates could refile those claims in state court.

Cates now moves for reconsideration. The motion is granted in part and denied in part. Cates has not shown a basis for the court to reconsider or change the ruling dismissing her federal claims. Cates asks for one procedural change as to the state-law claims. The court dismissed these claims without prejudice. Although that allowed Cates the option of refiling in state court — she does not argue that a limitations or other bar exists — she asks this court to remand to the state court from which the case was removed. The court grants the motion only to the extent of vacating the order of dismissal without prejudice as to the state-law claims, issuing an order again

dismissing the federal law claims with prejudice and the state-law claims without prejudice, and remanding those claims to the 189th Judicial District of Harris County.

### I. The Legal Standards for a Motion to Reconsideration

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Washington ex rel. J.W. v. Katy Indep. Sch. Dist.*, 403 F. Supp. 3d 610, 616 (S.D. Tex. 2019) (citing *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997)). "A motion asking the court to reconsider a prior ruling is evaluated" as a motion to alter or amend a judgment under Rule 59 if it is filed within 28 days of the entry of judgment. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). A party moving for this relief must satisfy "at least one of" the following criteria: "(1) the motion is necessary to correct a manifest error of law or fact; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary . . . to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law." *Wright's Well Control Servs., L.L.C. v. Oceaneering Int'l, Inc.*, 305 F. Supp. 3d 711, 717–18 (E.D. La. 2018). "The Rule 59(e) standard favors the denial of motions to alter or amend a judgment." *Willbern v. Bayview Loan Servicing, L.L.C.*, 842 F. App'x 865, 869 (5th Cir. 2021) (per curiam).

Rule 60(b)(1) permits relief "from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Mistakes can include an "obvious error of law, apparent on the record." *In re Grimland, Inc.*, 243 F.3d 228, 233 (5th Cir. 2001). In addition, Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Rule 60(b) balances "the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632,

638 (5th Cir. 2005). "A decision on a Rule 60(b) motion is within the discretion of the district court and is reviewed under an abuse of discretion standard." *Id.*

**II.   Analysis**

Cates did not file her motion for reconsideration until May 19, 2022, 30 days after the court's entry of judgment. Because her motion is untimely, the court considers the motion under Rule 60(b). Even if Cates had made a timely Rule 59 motion, the outcome would be the same.

Cates has not contested this court's holding that she did not plead a custom or practice necessary to hold the City and County liable under §§ 1983 and 1985. Cates instead appears to argue that this court wrongly dismissed some of her claims on the basis that she failed to allege a constitutional violation.

First, Cates argues that this court improperly dismissed her equal protection claim, stating:

> Plaintiff and her mother were barred from speaking to state actors acting under the color of law regarding the crime she attempted to provide information about, although her assailant. [sic] Her assailant was allowed to actively engage and be involved in the investigation against him and his father. They were similarly situated, but the Plaintiff and her mother were discriminated against as women.

(Docket Entry No. 41, at 3–4).

Cates's claim fails because it does not plausibly plead the essential element that she and her mother were similarly situated to her alleged assailant. She alleges that Seth Samsel was a suspect being investigated by the state for sexual assault of a minor. Cates was the alleged victim of the criminal sexual assault. Cates does not allege that state actors discriminated between her and other crime victims. She does not allege that state actors stopped women crime victims and their families from providing information to the police, but not male crime victims and their families. Moreover, Cates has not plausibly pleaded that any state actor intended to "bar [her]

3

from speaking" because of gender or age animus. She alleges that "Plaintiff is a member of a protective [sic] class as a girl and minor," and adds the following:

- "Houston Officer, Matthew Samsel, Waller County, and City of Waller detectives conspired to destroy, conceal, and deny Plaintiff her right to freedom of speech for the purpose of depriving the minor young lady of equal protection of the laws, and privileges [sic] the law. Dasher, and Anderson, refused to investigate and Matthew and Seth Samsel impeded the investigation into the rape of Plaintiff by Seth Samsel";

- "The defendants conspired to deprive Plaintiff of her right to speech by refusing to allow Plaintiff or her mother to provide an interview statement or provide criminal evidence a right under the 1st Amendment of the United States it was done so for the specific purpose of depriving any person of equal protection of laws"; and

- "When state officers conspire in such a way as to defeat or prejudice a litigant's rights in state court, that would amount to a denial of equal protection of the laws by persons acting under color of state law."

(Docket Entry No. 20).

These allegations are insufficient to state an equal protection violation. *See Propes v. Mays*, 169 F. App'x 183, 185 (5th Cir. 2006) ("A [plaintiff's] vague and conclusory allegations that his equal protection rights have been violated are insufficient to raise an equal protection claim.").

Second, Cates's motion still does not cite to a case or specific pleading allegation supporting her argument that this court's dismissal of her First Amendment claims was improper. Cates argues instead that:

> The court's reliance on *Singleton* is misapplied. In *Singleton*, it was held that the Prosecutors cannot force witnesses to talk to them absent a court order. . . . In contrast, this case involves assertions that Plaintiff was not being forced but was attempting to voluntarily exercise her constitutional rights to petition, specifically speak to the officers, not prosecutors, about her case as a victim and provide information. Yet, she and her mother were denied the right to speak or participate in the investigation, unlike the Samsel defendants.

(Docket Entry No. 41, at 4).

The court did not misapply *Singleton*. In fact, the court distinguished *Singleton* in precisely the same manner that Cates does, stating:

> Cates has not pointed to case law supporting a First Amendment right to provide an interview statement or evidence in a criminal investigation. Prosecutors cannot force witnesses to talk to them absent a court order. *See Singleton v. Cannizzaro*, 372 F. Supp. 3d 389, 422 (E.D. La. 2019). This compelled speech might violate the First Amendment. *Id.* But there is no First Amendment right that requires a prosecutor or detective to allow witnesses to speak or provide evidence. Indeed, such a right would run into the "legal obstacle" that "a citizen does not have standing to challenge the policies of the prosecuting authority unless she herself is prosecuted or threatened with prosecution."

(Docket Entry No. 38, at 9).

Cates's motion for reconsideration repeats the same conclusory allegations that the court found insufficient to state a claim. Cates argues that she stated a First Amendment claim for denial of judicial access because "the Samsels, Anderson, and Dasher obstruction efforts in destroying and failing to collect evidence in an effort to derail the criminal case also upset Plaintiff's ability to bring civil claims against Seth Samsel." (Docket Entry No. 41, at 4). As this court stated, however,

> [t]he fact that Cates has alleged civil causes of action against Samsel in this very complaint undermines her allegations that she has been denied a right to judicial access. Although Cates has alleged that the detectives failed to collect all evidence available to them that might have more easily established Samsel's guilt, a jury did convict Samsel of two counts of sexual assault. The evidence was sufficient to show guilt beyond a reasonable doubt. There is no basis to speculate that Cates's civil claims against Samsel are compromised.

(Docket Entry No. 31, at 10) (quoting *Waller v. Hanlon*, 922 F.3d 590, 602 (5th Cir. 2019) ("Unless and until the plaintiffs' claim . . . suffers some concrete setback traceable to the defendants' alleged [conduct], their allegation that the defendants impaired their effort to bring that claim is no more than speculation about an event that may or may not come to pass.")).

5

Cates has failed to demonstrate that the court made an error of law. Cates argues, however, that upon finding that there were no plausible federal claims, the court should have remanded Cates's remaining state-law claims instead of dismissing them without prejudice. She notes that "[t]his case was originally filed in the 189th Judicial District of Harris County District state court under Case No. 202183373. The defendants removed the case to federal court." (Docket Entry No. 41, at 7).

Although the court "has discretion to dismiss a removed case involving pendent claims," the court agrees that remand is preferable to dismissal. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353 (1988). Cates has not argued that remand is necessary to protect against expiration of the statute of limitations on her claims. The court finds, however, that remand will "best promote the values of economy, convenience, fairness, and comity." *Id.* at 352. The court therefore denies the motion for reconsideration in part and grants it only to the extent of vacating the order of dismissal without prejudice, entering a new order dismissing the federal law claims with prejudice and the state-law claims without prejudice, and remanding the remaining state-law claims to the state court from which the case was removed.

**III.   Conclusion**

Cates's motion for reconsideration, Docket Entry No. 41, is granted in part and denied in part. Cates's state law claims are remanded to the 189th Judicial District Court, Harris County, Texas.

SIGNED on June 7, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge